Christopher M. Murphy (*pro hac vice forthcoming*)
cmmurphy@winston.com
WINSTON & STRAWN LLP
35 W Wacker Dr.,
Chicago, IL 60601
Telephone: (312) 558-7436
Facsimile: (312) 558-5700

Daniel M. Aronsohn (SBN 338637)
daronsohn@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

*Attorneys for Defendant*
*Sun-Maid Growers of California*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARET MCGARITY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN-MAID GROWERS OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'24CV0714 BAS DEB**<br><br>[San Diego Superior Court Case No. 37-2024-00012618-CU-FR-CTL]<br><br>**DEFENDANT SUN-MAID GROWERS OF CALIFORNIA'S NOTICE OF REMOVAL**<br><br>Complaint filed: March 18, 2024 |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b), 1446, and 1453, Defendant Sun-Maid Growers of California ("Sun-Maid") hereby removes the above-entitled action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California.  In support of this Notice of Removal, Sun-Maid states as follows:

## INTRODUCTION

1.  This case is hereby removed from state court to federal court pursuant to 28 U.S.C. § 1332 because at the time the Class Action Complaint ("Complaint") was filed: (1) the putative class proposed by Plaintiff Margaret McGarity includes more than 100 members; (2) minimal diversity of citizenship exists; and (3) the amount placed in controversy by Plaintiff's claims exceeds $5,000,000, exclusive of interest and costs.  Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(d).

## THE STATE COURT ACTION

2.  On March 18, 2024, McGarity filed an action in the Superior Court of California, County of San Diego, captioned *Margaret McGarity v. Sun-Maid Growers of California, et al.*, Case No. 37-2024-00012618-CU-FR-CTL.

3.  McGarity effected service of the Complaint on March 20, 2024.

4.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and other documents served on Sun-Maid are attached as Exhibit A.  These documents constitute the only process, pleadings, or other orders served upon Sun-Maid in this action.

5.  McGarity's Complaint seeks monetary damages, penalties, injunctive relief, and other relief from Sun-Maid in connection with the following alleged causes of action: (a) violation of California's Consumers Legal Remedies Act, known as the "CLRA" (Cal. Civil Code § 1750 *et seq.*), (b) violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), (c) violation of

California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), (d) breach of express warranty, (e) breach of implied warranty, and (f) intentional misrepresentation.

## **TIMELINESS OF REMOVAL**

6.  This Notice of Removal has been filed within thirty (30) days after Sun-Maid was served with a copy of the Summons and Complaint on March 20, 2024.

## **PLAINTIFF'S NON-OPPOSITION TO REMOVAL**

7.  Plaintiff does not currently intend to oppose removal based on the information currently available to her but reserves the right to do so. The undersigned counsel certifies that he is authorized to make this representation to the Court herein after consultation with McGarity's counsel.

## **JURISDICTION PURSUANT TO CAFA**

8.  Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA also provides for jurisdiction in the district court where the proposed class involves 100 or more members, or where the primary defendant is not a State, a State official, or other governmental entity. 28 U.S.C. § 1332(d)(5). As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) because it is a civil action filed as a class action involving more than 100 members; the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on the allegations that McGarity sets forth in the Complaint; at least one member of the class of plaintiffs is a citizen of a different state than at least one defendant; and no defendant is a state, state official, or government entity.

I. **Numerosity**

9. CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Plaintiff has proposed two putative classes and one putative subclass:

- **Nationwide Class** – All natural persons who purchased at least one of the Class Products in the United States within the applicable statute of limitations period.
- **California Class** – All natural persons who purchased at least one of the Class Products in the state of California within the applicable statute of limitations period.
- **California Consumer Subclass** – All natural persons who purchased at least one of the Class Products in the state of California, for personal, family, or household purposes, within the applicable statute of limitations period.

Compl. ¶ 59. The "Class Products" are defined as Sun-Maid yogurt raisin products. *Id.* ¶ 1. Plaintiff defines the "applicable statute of limitations period" as four years. *Id.* ¶ 4. There are over 100 proposed class members. *See id.* ¶ 63 ("The number of individuals who purchased Class Products during the relevant time period is *at least in the hundreds*") (emphasis added). Therefore, the numerosity requirement for CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(5) is satisfied.

II. **Diversity Of Citizenship**

10. CAFA's minimal diversity requirement is satisfied when any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). The parties' citizenship is determined by their status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

   A. **At Least One Putative Class Member Is Not a Citizen of California**

11. To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States, and (b) a domiciliary of one particular state.

*See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A party's residence may serve as prima facie evidence of that party's domicile.  *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  At least one putative class member is a citizen of a state other than California.  Compl. ¶ 59 (defining the nationwide class as "[a]ll natural persons who purchased at least one of the Class Products in the United States within the applicable statute of limitations period"); *see also id.* ¶ 63 ("Class Products is [sic] sold *throughout the United States* and the State of California." (emphasis added)).

### B. Sun-Maid Is a Citizen of California

12. Sun-Maid is, at the time of the filing of this action, and still is, a citizen of California.  Sun-Maid is a California cooperative and has its headquarters at 6795 N. Palm Ave., 2nd Floor, Fresno, CA 93704.  *Id.* ¶ 13.  It is thus a citizen of California.  *See* 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

13. Because the putative nationwide class has at least one class member who is a citizen of a state other than California, and Sun-Maid is a citizen of California, diversity of citizenship exists under CAFA.  *See* 28 U.S.C. § 1332(d)(2) (where the amount in controversy is satisfied, "[t]he district courts shall have original jurisdiction of any civil action . . . in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see also Hicks v. Grimmway Enters., Inc.*, 2023 WL 3319362, at *5 (S.D. Cal. May 9, 2023) ("[M]inimal diversity exists between the proposed class, which necessarily encompasses citizens of any state, and Defendant, who is a citizen of … California.").

### III. The Amount in Controversy Exceeds $5,000,000

14. CAFA authorizes the removal of class action cases in which, among the other elements described above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

15. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume that the plaintiff will prevail on each and every one of the claims. *Letuligasenoa v. Int'l Paper Co.*, 2014 WL 2115246, at *2 (N.D. Cal. May 20, 2014) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). The amount in controversy "does not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).

16. Sun-Maid denies the merits of each of McGarity's claims and the theories upon which recovery is sought; however, for the sole purpose of determining whether jurisdiction exists pursuant to CAFA, the amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs.

17. **Damages Claims Against Sun-Maid**: McGarity asserts six claims based on Sun-Maid's labeling its yogurt covered raisin products as "Yogurt Covered." Compl. ¶¶ 1–2, 70–118. McGarity claims that she and the putative class members have been damaged "because they would have paid less for the Class Products, or would not have purchased them at all." *Id.* ¶ 78. She and the putative class seek damages for purchases of the Class Products made during the four years preceding the filing of the Complaint. *Id.* ¶ 4. The sales of the Class Products exceed $5,000,000

during this putative class period. *See* Decl. of David Dewall ¶ 3, submitted herewith. Indeed, sales of the Class Products in the United States have exceeded $25 million each year over the four-year class period. *Id.* Assuming that McGarity will prevail on this claim, the amount in controversy exceeds $5,000,000.

18. **Punitive Damages:** McGarity alleges that he and the putative class members are entitled to punitive damages. Compl. at Prayer for Relief ¶ F. For the reasons stated above, possible compensatory damages, including for McGarity's CLRA claims, exceed $5,000,000. And "juries ha[ve] awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). Assuming that McGarity will prevail on this claim, it is reasonable to assume at least a 1:1 ratio of compensatory to punitive damages. Accordingly, the amount in controversy exceeds $10,000,000.

19. **Attorneys' Fees:** Plaintiff also seeks an unspecified amount of attorneys' fees. Compl. at Prayer for Relief ¶ H. Attorneys' fees are properly considered when determining the amount in controversy for the purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). The Ninth Circuit has established "[t]wenty-five percent of the fund as the benchmark for a reasonable fee award in common fund cases." *In re Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 942 (9th Cir. 2011); *In Re Nat'l Collegiate Athletic Ass'n Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, *2 (N.D. Cal. 2017) (the 25% benchmark is "presumptively reasonable."). As noted above, sales of the Class Products in the United States have exceeded $25 million each year over the four-year class period. Assuming that McGarity will prevail and be awarded attorneys' fees, the amount in controversy exceeds $5,000,000.

20. Based on the foregoing, jurisdiction is proper under CAFA because (a) there are more than 100 putative class members, (b) the requirements for minimal

diversity are met, and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.[1]

## VENUE

21.     The Southern District of California is the United States District Court embracing the place where Plaintiff's state court action is pending. Venue thus lies in this Court pursuant to 28 U.S.C. § 1441(a).

## NON-WAIVER OF DEFENSES

22.     By removing this action from the Superior Court of California, County of San Diego, Sun-Maid does not waive any defenses available to it.

23.     By removing this action, Sun-Maid does not admit any of the allegations in the Complaint.

24.     After filing this Notice of Removal, Sun-Maid will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the San Diego Superior Court in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE,** Sun-Maid removes the above-entitled action now pending in the Superior Court of California, County of San Diego to this Court.

---

[1] Although Sun-Maid does not bear the burden of proof, the exceptions to removal under 28 U.S.C. § 1332(d) do not apply to this case. In particular, the "local controversy" exception to CAFA, where more than two-thirds of the putative class members are citizens of the State in which the action was originally filed, does not apply because Plaintiff seeks to certify a nationwide class of purchasers of the Class Products.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| DATED: April 19, 2024 | | **WINSTON & STRAWN LLP** |
| | By: | */s/ Daniel M. Aronsohn* <br> Christopher M. Murphy <br> Daniel M. Aronsohn |
| | | *Attorneys for Defendant* <br> *Sun-Maid Growers of California* |